Filed 1/19/22  P. v. Johnson CA1/1
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JULIAN H. JOHNSON,<br><br>        Defendant and Appellant. | A158366<br><br>(Contra Costa County<br>Super. Ct. No. 51603604) |

In our March 2021 opinion in this matter, we ruled that appellant Julian H. Johnson was ineligible for resentencing under the procedures set forth in Penal Code[1] section 1170.95 because he had been convicted of voluntary manslaughter and attempted murder, not murder.  (*People v. Johnson* (Mar. 30, 2021, A158366) [nonpub. opn.] (*Johnson I*).)  In December 2021, our Supreme Court directed us to reconsider the cause in light of Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775), which clarifies that section 1170.95 does apply to persons convicted of voluntary manslaughter and attempted murder.

Both appellant and the Attorney General agree that this matter should be remanded to the trial court for further consideration.  We concur.

---

[1] All statutory references are to the Penal Code.

1

Accordingly, we vacate our prior opinion, reverse the order denying appellant's resentencing petition, and remand the matter to the trial court with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

As we recounted in our prior opinion, "[o]n June 17, 2015, appellant drove Clydedale Hoskin and Miguel Gutierrez to a location in Antioch to acquire narcotics and commit a robbery. After appellant parked the car, Hoskin and Gutierrez exited the vehicle wearing masks and armed with guns and approached a group of people who were congregated outside. Appellant planned to join the two men but was delayed while he hid their cell phones inside the car. Hoskin ordered everyone to the ground and shot into the group, hitting Shannah Tatum in her head and leg. A man in the group fired back and hit Hoskin, killing him. Gutierrez returned fire, killing a bystander named Adrian Craig. Gutierrez returned to the car alone and appellant drove away." (*Johnson I*, *supra*, A158366, fn. omitted.)

In 2016, appellant and two codefendants were charged with two counts of murder (§ 187, subd. (a)), one count of attempted second degree robbery (§§ 664/211), and one count of attempted murder (§§ 664/187, subd. (a)). Several enhancements were also alleged against appellant, including four firearm use enhancements. (§ 12022.5, subd. (a).)

In 2018, appellant pleaded no contest to two counts of voluntary manslaughter (§ 192, subd. (a)) and to the other two counts as charged, i.e., attempted murder and attempted robbery. He also admitted the firearm use enhancement allegations and two prior prison term enhancements. (§ 667.5.) The trial court sentenced him to a determinate term of 20 years in state prison.

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  As part of this legislation, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense to seek vacature of their conviction and resentencing on any remaining counts.  (See former § 1170.95, subd. (a).)

In 2019, appellant filed a petition for resentencing pursuant to section 1170.95.  At that time, section 1170.95 expressly applied to persons "convicted of felony murder or murder under a natural and probable consequences theory."  (Former § 1170.95, subd. (a).)  The trial court appointed counsel, received briefing, and then summarily denied the petition on the ground that the statute did not apply to persons who pleaded guilty to voluntary manslaughter and attempted murder as lesser offenses of murder.

In March 2021, this court issued a nonpublished opinion affirming the trial court's order denying appellant's petition for resentencing.  (*Johnson I, supra*, A158366.)  We held that persons convicted of voluntary manslaughter and attempted murder were ineligible for resentencing under section 1170.95.  (*Johnson I, supra*, A158366.)  The following month, appellant filed a petition for review with the Supreme Court (S268537).

While this matter was pending, the Legislature enacted Senate Bill 775, which amended section 1170.95 to clarify that persons convicted of manslaughter and attempted murder may be eligible for resentencing under that section.  As amended, section 1170.95 expressly applies to persons

3

"convicted of . . . attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

On December 29, 2021, S268537, the Supreme Court transferred appellant's case back to this court with directions to vacate our prior decision and reconsider the cause in light of Senate Bill 775. We received a supplemental brief from appellant arguing that the case must be remanded to the trial court in light of the recent amendments to section 1170.95 that permit persons convicted of voluntary manslaughter and attempted murder to seek resentencing under this this law. The Attorney General submitted a letter agreeing that appellant is entitled to a remand for further proceedings. We agree with the parties and will remand the matter to the trial court with directions.

## DISCUSSION

Prior to the enactment of Senate Bill 775, California Courts of Appeal were uniform in concluding that persons who pleaded guilty to manslaughter or attempted murder as lesser offenses of murder were not eligible for resentencing under section 1170.95. (See, e.g., *People v. Turner* (2020) 45 Cal.App.5th 428, 435–436.) One of the Legislature's stated purposes in enacting Senate Bill 775 was to clarify that section 1170.95 is applicable to manslaughter and attempted murder convictions. (See Stats. 2021, ch. 551, § 1, subd. (a) ["[T]his legislation . . . [¶] . . . [c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"].)

Senate Bill 775 was passed as nonurgency legislation during the regular session and became effective on January 1, 2022. (Cal. Const.,

4

art. IV, § 8, subd. (c)(1); see *People v. Camba* (1996) 50 Cal.App.4th 857, 862.) Because appellant's appeal from the denial of his resentencing petition was not final by this date, and he is eligible to benefit from this remedial legislation. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

The amendments to section 1170.95 under Senate Bill 775 compel the conclusion that appellant's resentencing petition is entitled to further consideration under section 1170.95. On remand, the trial court must determine whether appellant has stated a prima facie case for relief under section 1170.95. (§ 1170.95, subd. (c).) If the court finds a prima facie case is stated, it shall issue an order to show cause and hold a hearing "to determine whether to vacate the . . . attempted murder, or manslaughter conviction[s] and to recall the sentence and resentence [appellant] on any remaining counts in the same manner as if [he] had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) We express no opinion as to the appropriate outcome of any further proceedings.

## DISPOSITION

The order denying appellant's petition for resentencing under section 1170.95 is reversed. Upon remand, the superior court shall conduct further proceedings consistent with this opinion.

5

SANCHEZ, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A158366
*People v. Johnson*